UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT GILLESPIE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PRESTIGE ROYAL LIQUORS CORP., et al.,<br><br>        Defendants. | Case No. 16-cv-02392-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>Re: Dkt. Nos. 31, 48 |

       Pending before the Court is a motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction and improper venue brought by Defendants Gabriel Sezanayev and Prestige Royal Liquors, Corp. ("PRL"). Dkt. No. 31 ("Mot."). Having considered Defendants' motion, Plaintiffs' response, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons articulated below, the motion is DENIED WITHOUT PREJUDICE.

**I.    BACKGROUND**

       This action arises out of a patent dispute regarding the design of a beverage container shaped like a solid bar of gold. On May 2, 2016, Plaintiffs Elliott Gillespie and Rockwood Spirits International ("Rockwood") filed a complaint seeking (1) a declaration that Plaintiffs are not infringing Defendants' design patents; (2) a declaration that Defendants' patents are invalid and unenforceable; and (3) a finding that Defendants are infringing Plaintiffs' design patents. *See* Dkt. No. 1 ("Compl.").

       Plaintiff Gillespie resides in Canada and serves as president of Gold Bar Whiskey, a company that manufactures and sells alcoholic beverages. *Id.* ¶ 1. Gold Bar Whiskey has offices and a distillery located in San Francisco, CA. *Id.* Gillespie also serves as president and majority

shareholder of Plaintiff Rockwood, a Canadian company with its principal place of business in Ottawa, Canada. *Id.* ¶ 2. Rockwood designs, manufactures, produces, and sells products. *Id.* Together, Plaintiffs manufacture and sell Gold Bar Whiskey, an award-winning whiskey sold in a gold-bar-shaped bottle. *Id.* ¶¶ 1-2. Gillespie filed a patent application for his bottle in July of 2009, and was granted a design patent on August 16, 2011. *Id.* ¶ 22.

Defendant Sezanayev resides in New York and owns Defendant PRL, a corporation with its principal place of business in New York. Dkt. No. 31-1. Defendants sell beverages, including 3 Kilos Vodka, which is also sold in a gold-bar-shaped glass bottle. Mot. at 3; Compl. ¶¶ 43-44. Sezanayev filed a patent application for his bottle in March of 2015, and was granted design patents in 2016. Mot. at 3.

On March 22, 2016, Plaintiffs' Gold Bar Whiskey and Defendants' 3 Kilos Vodka were displayed at the same trade show. Compl. ¶ 67. On April 1, 2016, Defendants sent Gillespie a cease and desist letter, alleging that Plaintiffs' Gold Bar Whiskey infringed on Defendants' design patents. *Id.* ¶¶ 58-60.

One month later, Plaintiffs filed the current action for patent infringement and a declaration that they are not infringing Defendants' patents.

## II. DISCUSSION

On July 7, 2016, Defendants moved to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and under Federal Rule of Civil Procedure 12(b)(3) for improper venue. Mot. at 1. In the alternative, Defendants request an order transferring the action to the United States District Court for the Southern District of New York. *Id.*

### A. Rule 12(b)(2) Legal Standard

Federal Circuit law governs the personal jurisdiction analysis in an action "intimately related to patent law." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (citing *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201 (Fed.Cir.2003)); *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found*, 297 F.3d 1343, 1348 (Fed. Cir. 2002) ("Federal Circuit law governs the issue of personal jurisdiction in [a]

patent-related case."). In analyzing personal jurisdiction, the Federal Circuit engages in a two-part inquiry: (1) whether the state's long-arm statute authorizes service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015).

Where a state, like California, "authorize[s] its courts to exercise jurisdiction over persons on any basis not inconsistent with . . . the Constitution of the United States," *see Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), federal courts ask whether the exercise of jurisdiction over a defendant "comports with the limits imposed by federal due process," *Daimler*, 134 S. Ct. at 753; *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) ("[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process."); *see also* Cal. Civ. P. Code § 410.10 (California's long-arm statute is co-extensive with the federal due process clause). "Due process requires that the defendant have sufficient 'minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Celgard, LLC*, 792 F.3d at 1377 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two categories of personal jurisdiction a plaintiff can invoke: general and specific. *Polar Electro Oy v. Suunto Oy*, Case No. 2015-1930, 2016 WL 3913449, at *3 (Fed. Cir. July 20, 2016); *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). "Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" *LSI Indus. Inc.*, 232 F.3d at 1375 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73 (1985)). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 (1984)).

When analyzing specific personal jurisdiction, the Federal Circuit considers "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Polar Electro Oy*, 2016 WL 3913449, at *3. "The first two prongs

correspond to the 'minimum contacts' prong of the *International Shoe* analysis, and the third prong corresponds to the 'fair play and substantial justice' prong of the analysis." *Id.* If a plaintiff carries its burden of establishing the first two prongs, the burden shifts to the defendant to prove that jurisdiction is unreasonable. *Id.*

When a district court's determination of personal jurisdiction is based on affidavits and other written materials rather than an evidentiary hearing, the plaintiff bears the burden of making a prima facie showing of jurisdictional facts. *Celgard, LLC*, 792 F.3d at 1378. Under a prima facie standard, the court must resolve all factual disputes, including conflicts in affidavits, in the plaintiff's favor. *Polar Electro Oy*, 2016 WL 3913449, at *3; *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008).

However, courts are not required to determine jurisdiction on the papers alone. A district court has "broad discretion" to permit or deny jurisdictional discovery. *See Butcher's Union Local No. 498 v. SDC Investment, Inc.,* 788 F.2d 535, 540 (9th Cir.1986) (trial court has "broad discretion to permit or deny discovery").[1] "Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union,* 788 F.2d at 540 (citation omitted). The Ninth Circuit has reversed for abuse of discretion when further discovery "might well" have established a basis for personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003). However, denial of jurisdictional discovery "is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n.24 (9th Cir. 1977), or when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008).

---

[1] Because the issue of jurisdictional discovery is not unique to patent law, this Court looks to Ninth Circuit, rather than Federal Circuit, precedent. *See Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1371 (Fed. Cir. 2010); *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009).

### B. Rule 12(b)(3) Legal Standard

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"In patent cases, the law of the regional circuit applies when considering a § 1404 motion." *Eli Lilly & Co. v. Genentech, Inc.*, No. 13-CV-0919 YGR, 2013 U.S. Dist. LEXIS 114460, at *11 (N.D. Cal. Aug. 13, 2013) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)). The moving party first must show that the transferee forum is "one in which the action might have been brought." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Subsequently, the moving party must "demonstrate that a transfer of venue would promote the convenience of parties and witnesses and the interests of justice." *Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *1 (N.D. Cal. Apr. 9, 2009). At the second step, "the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations omitted). The Court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99.

### C. Analysis

In considering a challenge to both personal jurisdiction and venue, a court generally decides the issue of personal jurisdiction first. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of

1   choosing a convenient forum."). However, a court may address venue first where there is "sound
2   prudential justification for doing so." *Id.*

3   Because the Court cannot determine at this stage whether there is "sound prudential
4   justification" for first addressing venue, the Court begins its analysis with Defendants' motion to
5   dismiss for lack of personal jurisdiction.

### i. Motion to Dismiss for Lack of Personal Jurisdiction

Plaintiffs assert that specific jurisdiction exists over Defendants because "the evidence reveals that [Defendants] are actively advertising, selling, and shipping the 3 Kilos Vodka in the infringing gold bottle throughout California." Dkt. No. 42 ("Opp'n") at 2. Unlike most defendants who contest the Court's exercise of personal jurisdiction, Defendants do not dispute that they currently advertise, sell, and ship the allegedly infringing products to California. *See* Dkt. No. 46 ("Reply") at 3-9. Rather, Defendants assert that they did not have sufficient contacts with California to justify this Court's exercise of personal jurisdiction at the time the complaint was filed on May 2, 2016. *Id.*

### a. Purposeful Direction

In analyzing the existence of specific personal jurisdiction, the Court first must determine whether Defendants "purposefully directed activities at residents of the forum." *See Polar Electro Oy*, 2016 WL 3913449, at *3. The Court's jurisdiction depends upon "the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). Accordingly, the Court may only consider "contacts occurring prior to the event causing the litigation." *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990); *see also Grupo Dataflux*, 541 U.S. at 570.

While Plaintiffs have submitted two declarations and several exhibits as evidence that Defendants purposefully directed their infringing activities at California, *see* Dkt. Nos. 42-1, 42-2, 42-3, 42-4, none of Plaintiffs' evidence indicates that Defendants were engaged in such activity on or before May 2, 2016, when Plaintiffs commenced the current action. *See id.* For example, Plaintiffs have submitted the declaration of Donald J. Fritsch, a private investigator, who attests to Defendants' sales and advertising conduct as of August 2, 2016, a full three months after Plaintiffs

filed their complaint. *See* Dkt. No. 42-3; *see also* Compl. Similarly, all but two of the exhibits to the Catherine Hoffman declaration establish the Defendants' efforts to advertise, sell, and ship 3 Kilos Vodka to California after May 2, 2016. *See* Dkt. Nos. 42-1, 42-2.

The only two exhibits that might reveal evidence of Defendants' conduct at or before the filing of the complaint are Exhibits 4 and 10 to the Hoffman declaration. *See* Dkt. No. 42-2. Exhibit 10 shows that 3 Kilos Vodka was available for purchase in California at some point in time, but there is no indication of when the screenshot was taken. *See* Dkt. 42-2, Ex. 10. Exhibit 4, a social media post which purports to show a "satisfied customer" from "Cali," is dated December 14, 2015. Dkt. No. 42-2, Ex. 1 at 26. While Exhibit 4 predates the filing of the current action, standing alone, it reveals nothing about how or where the purported customer obtained the bottle of 3 Kilos Vodka pictured. *See id.* The persuasive value of Exhibits 4 and 10 is particularly limited in light of the many exhibits illustrating Defendants' conduct targeting California after May 2, 2016, *see* Dkt. 42-2, and Defendants' declaration that 3 Kilos Vodka was first shipped to California on May 10, 2016, *see* Dkt. No. 46-1.

Accordingly, the Court holds that Plaintiffs have failed to establish that Defendants purposefully directed activities at residents of California before the initiation of this action.

### b. Arising Out Of or Related To Such Conduct

The second prong of specific personal jurisdiction requires the Court to analyze whether Plaintiffs' claim "arises out of or relates to" Defendants' activities purposefully directed at California. *See Polar Electro Oy*, 2016 WL 3913449, at *3.

Because Plaintiffs have failed to establish that Defendants purposefully directed activities at residents of California prior to the commencement of this action, Plaintiffs also cannot demonstrate that their claim arises out of or relates to activities directed at California. Consequently, as currently pled, Plaintiffs' complaint also fails to satisfy the second prong of the specific jurisdiction test.

### c. Jurisdictional Discovery

However, the Court has broad discretion to permit jurisdictional discovery, which "should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are

7

controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union,* 788 F.2d at 540 (citation omitted). The Court may only deny jurisdictional discovery if "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n.24 (9th Cir. 1977), or when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008).

The Court finds that jurisdictional discovery is warranted here. Although much of Plaintiffs' evidence regarding Defendants' advertising, selling, and shipping of 3 Kilos Vodka to California post-dates the filing of the complaint, none of the evidence precludes the discovery of earlier acts by Defendants purposefully directed at this forum. Moreover, at a minimum, Exhibit 4 to the Hoffman declaration is circumstantial evidence that Defendants advertised or sold the allegedly infringing product to California customers in late 2015. *See* Dkt. No. 42-2, Ex. 1 at 26, Ex. 4.

Plaintiffs have demonstrated more than a "hunch" that discovery will reveal jurisdictionally relevant facts, *see Boschetto,* 539 F.3d at 1020, and the Court thus holds that jurisdictional discovery is appropriate. As such, the Court DENIES WITHOUT PREJUDICE Defendants' motion to dismiss for lack of personal jurisdiction at this stage.

### ii. Motion to Dismiss for Improper Venue

Defendants also move to dismiss the complaint for improper venue, or in the alternative, to transfer venue under Federal Rule of Civil Procedure 12(b)(3). Mot. at 11.

Because the Court has found above that jurisdictional discovery is warranted, the Court declines to reach the venue issue at this time. Accordingly, the Court DENIES WITHOUT PREJUDICE Defendants' motion to dismiss for improper venue or to transfer venue.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Defendants' motion to dismiss for lack of personal jurisdiction and improper venue.[2]

---

[2] On September 1, 2016, Plaintiffs filed a motion for leave to file a sur-reply to Defendants' reply brief. Dkt. No. 48. Because the issue of personal jurisdiction will be resolved following

8

1  The parties are directed to meet and confer regarding the appropriate scope and length of
2  the jurisdictional discovery period, taking into account any discovery completed during the
3  pendency of this motion.  The parties are directed to submit a stipulation and proposed order
4  detailing the scope and length of the jurisdictional discovery period no later than 14 days from the
5  date of this order.  If the parties cannot reach a stipulated agreement, the parties shall submit the
6  dispute through a joint discovery letter brief filed in compliance with the Court's standing order.
7  The deadline to file a joint letter brief on the scope and length of jurisdictional discovery shall be
8  no later than 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: 10/3/2016

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

jurisdictional discovery and Plaintiffs will suffer no prejudice from the denial of a sur-reply, the Court DENIES Plaintiffs' request.