# Mulcahy LLP

October 24, 2016

*Via ECF*

The Honorable Haywood S. Gilliam, Jr.
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

    Re:   **Joint Discovery Letter Brief Pursuant**
           Case Name: *Elliott Gillespie et al. v. Prestige Royal Liquors, Corp., et al.*
           Case No.: 3:16-cv-02392-HSG
           Meet & Confer Date: October 17, 2016

**TO THE COURT:**

    Pursuant to the Court's Order dated October 3, 2016 [Dkt. No. 51], Plaintiffs Elliott Gillespie ("Gillespie") and Rockwood Spirits International ("Rockwood," collectively, "Plaintiffs"), on the one hand, and Defendants Prestige Royal Liquors, Corp. ("Prestige"), and Gabriel Sezanayev ("Sezanayev," collectively, "Defendants"), on the other hand, hereby submit this joint discovery letter brief and corresponding proposed orders detailing each party's position on the scope and length of the jurisdictional discovery period that is required in this action.[1]

## I.   RELEVANT FACTUAL BACKGROUND

    On October 3, 2016, the Court entered an order denying Defendants' motion to dismiss for lack of personal jurisdiction and improper venue, without prejudice, and granting Plaintiffs' request for jurisdictional discovery (the "JD Order"). [Dkt. No. 51.] The JD Order directed the parties "to meet and confer regarding the appropriate scope and length of the jurisdictional discovery period."[2] [*Id.* at 9.] The parties met and conferred and were unfortunately unable to agree on the scope and length of jurisdictional discovery. The parties having been unable to

---

[1] On October 19, 2016, the Court entered an Order to Show Cause for the parties' perceived failure to comply with Dkt. No. 51 and "submit a joint stipulation and proposed order detailing the scope and length of jurisdictional discovery within 14 days of [the October 3, 2016] order." However, Dkt. No. 51 further states that "in the event the parties cannot reach a stipulated agreement, the parties shall submit the dispute through a joint discovery letter brief" due "no later than 21 days from the date of [the October 3, 2016] order." [Dkt. No. 51.] Following a good faith meet and confer attempt to reach a stipulated agreement on a jurisdictional discovery schedule, the parties were unable to do so. Now, the parties contend that by filing the instant joint discovery letter brief they have complied with the Court's October 3, 2016 order [Dkt. No. 51] and simultaneously satisfy the Court's Order to Show Cause. [Dkt. No. 52.]

[2] The JD Order further requires the parties to "tak[e] into account any discovery completed during the pendency of this motion." [Dkt. No. 51, p. 9.] To date, no prior discovery has been conducted by the parties.

4 Park Plaza | Suite 1230 | Irvine, CA 92614
*tel* 949.252.9377 | *fax* 949.252.0090 | www.mulcahyllp.com



Hon. Haywood S. Gilliam, Jr.
Page 2 of 6

agree, now set forth their proposed positions on the scope and schedule for jurisdictional discovery in this case.

## II.     SCOPE OF JURISDICTIONAL DISCOVERY

### A.     Plaintiffs' Statement On The Scope Of Jurisdictional Discovery

As the Court is aware, Defendants moved to dismiss the Complaint on the false pretense that they have not engaged in any conduct or activities directed at California and that California has no interest in this controversy. [*See* Dkt. No. 31, p. 6:2-3 ("There is no evidence that [Defendants] sold any products to California residents [or] have a distribution channel in California."), p. 8:20-21 (Defendants "have not engaged in any activities that were expressly aimed at this forum."), pp. 8:26-9:1 ("Plaintiffs have not alleged let alone presented any evidence that any of [Defendants'] bottles were in fact sold to any resident of this forum and on information and believe [*sic*] no such sales have taken place."), p. 9:14-15 (Defendants "have not made any infringing sales in California."), p. 10:25-27 (Defendants' "contacts with the State of California are non-existent or far too de minimus to warrant requiring these defendants to defend in this forum.").]

In Opposition to Defendants' motion, Plaintiffs submitted evidence from a private investigator which conclusively showed that Defendants' earlier representations to the Court were misleading and that Defendants have sold (and continue to sell) their 3 Kilos Vodka in the infringing gold bottle (the "Bottle") into California and to California residents. [Dkt. Nos., 42-3, 42-4.] With the proverbial *cat out of the bag*, Defendants' reply brief took a different position. Defendants' acknowledged that they advertise, sell, and ship the allegedly infringing products to California. However, they argued that they did not engage in this conduct at the time this lawsuit was initiated on May 2, 2016. [*See* Dkt. No. 46, pp. 3-9.] Because of Defendants' inconsistent and insincere representations to the Court regarding their conduct in California, it is imperative that Plaintiffs obtain jurisdictional discovery not only from Defendants, but also from numerous third parties, including those individuals and companies known and/or believed to be working with Defendants with social media, networking, advertising, distributing, selling, or shipping the Bottle into California and to California residents.

Accordingly, the jurisdictional discovery will need to encompass the following topics: (i) the names and contact information for each distributor of the Bottle, (ii) the names and contact information for each retailer of the Bottle, (iii) the names and contact information for each manufacturer of the Bottle, (iv) the names and contact information for each purchaser of the Bottle, (v) the names and contact information for any marketing or advertising firms that provided any services to Defendants or were employed by Defendants, (vi) the names and contact information for any magazine, newspaper, or other periodical that advertised the Bottle, (vii) all information concerning each of Defendants' marketing, advertising and sales in California, (viii) all of Defendants' advertising efforts in or directed at California, (ix) all of Defendants' other contacts to California, including and not limited to all potential distributors, sellers, retailers, buyers, (x) evidence related to the agency or alleged "alter-ego" nature of Defendants' relationship, (xi) all internet and social medial – including Facebook and Instagram – use by Defendants and accessible by California resident or conducted within or directed at California in any way, and (xii) all representation regarding the availability of the Bottle in California. In light of the foregoing, the parties present the following jurisdictional discovery



Hon. Haywood S. Gilliam, Jr.
Page **3** of **6**

plan designed to expeditiously complete all discovery necessary for the Court to properly decide the jurisdictional issues before it.

### B.   Defendants' Statement On The Scope Of Jurisdictional Discovery

Prior to initiation of this law suit Defendants reached out to inform Plaintiffs that their product was infringing on Defendants' patented design and offered to engage in discussions to find an amicable solution in this case. Instead, Plaintiffs lost no time to rush to file suit in this Court with the questions of jurisdiction over Defendants and the adequacy of venue as a mere afterthought. As observed by this Court, "Plaintiffs have failed to establish that Defendants purposefully directed their activities at residents of California prior to initiation of the law suit" [Dkt. No 51 at 7]. Plaintiffs are now asking this Court to approve what amounts to a blank check for not only jurisdictional discovery but general discovery. Plaintiffs should not be rewarded with such a blank check for their failure to base their law suit on reasonable investigation regarding whether personal jurisdiction over Defendants existed at the time of filing this suit in the first place.

Therefore jurisdictional discovery should be directed only to any actions purposefully directed to California residents prior to May 2, 2016 and any depositions should be directed only to witnesses that have knowledge of the facts as they occurred prior to May 2, 2016. For example, Salbro Bottle Inc., the Canadian company that prepared design renderings of Defendant's bottle under the direction of Defendants months prior to Plaintiffs' product design, has no relationship to any California distribution or advertising. Michael Ferchak and Fusion Glass were sued by Plaintiff based on false conspiracy claims and have since been dismissed. Both have nothing to do with distribution of product in California. These third parties have nothing to do with the jurisdictional aspect of Plaintiffs' failed allegations. Likewise deposing the California retailers is cumulative in view that both Black Sea and the distributor Aral can testify to shipments prior to May 2, 2016 to California.

## III.   WRITTEN DISCOVERY

### A.   Plaintiffs' Position On Written Discovery

In light of the broad scope of the necessary and anticipated jurisdictional discovery, set forth above, Plaintiffs request permission to issue a maximum of fifteen (15) interrogatories, fifteen (15) requests for admissions, and an unlimited number of document production requests – limited in scope to the above jurisdictional discovery topics – to each Defendant.

Plaintiffs further request that in light of the limited time allotted for Plaintiffs to complete jurisdictional discovery, Defendants be ordered to provide written responses and produce all responsive materials within fifteen (15) days of receipt of the written request.

### B.   Defendants' Position On Written Discovery

Defendants request that the number of interrogatories should be limited to ten (10) interrogatories and the number of requests for admissions to ten (10) requests for admissions. Defendants further request that the number of document production requests to each Defendant be limited to five (5) document production requests.

\ \ \
\ \ \

Mulcahy LLP

Hon. Haywood S. Gilliam, Jr.
Page 4 of 6

IV.  **PARTY DEPOSITIONS**

   A.  **Plaintiffs' Position On Party Depositions**

Plaintiffs request permission to depose both (i) Defendant Gabriel Sezanayev, and (ii) a Federal Rule of Civil Procedure, 30(b)(6) corporate representative for Defendant Prestige Royal Liquors, Corporation on any and all topics related to the jurisdictional discovery issues identified above.

   B.  **Defendants' Position On Party Depositions**

Defendants request that deposition of Gabriel Sezanayev and any corporate representative of Prestige Royal be limited to questions that relate to events occurring prior to May 2, 2016.

V.  **THIRD-PARTY DISCOVERY**

   A.  **Plaintiffs' Position On Third-Party Discovery**

As stated above, Defendants have already been less than forthcoming regarding their conduct in California. Because of this, Plaintiffs will need to conduct significant third-party discovery on those individuals and business known or believe to be involved in the change of distributor of the Bottle into and/or throughout the State of California, and those activity promoting – through social media or other means – the Bottle to California residents.

Plaintiffs seek to subpoena for deposition and/or the production of documents and other materials the following third-parties that are believed to have information on the jurisdictional discovery topics identified above:[3]

   i.  Black Sea Imports (referenced in Defendants' Reply to Support their Motion to Dismiss Dkt. Nos. 46-1, 46-2);
   ii.  Salbro Bottle Inc., Canadian company alleged to prepare Defendants' bottle design (referenced in Defendants' Motion to Dismiss - Dkt. Nos. 31, 31-1);
   iii.  Fusion Glass and/or Michael Ferchak (referenced in Defendants' Motion to Dismiss - Dkt. Nos. 31, 31-1);
   iv.  Aral Distributions, Inc. distributing product (referenced in Defendants' Reply to Support their Motion to Dismiss - Dkt. Nos. 46-1, 46-2);
   v.  Liquor and Wine Warehouse also LWWarehouse.com (advertising and selling product since as early as November 2015, Dkt. No. 42-2, p. 29) (referenced in Plaintiff's Opposition to Motion to Dismiss - Dkt. Nos. 42, ,42-1, 42-2);
   vi.  Retailer Remedy Liquors, Glendale (advertising and selling product) (referenced in Plaintiff's Opposition to Motion to Dismiss - Dkt. Nos. 42, 42-1, 42-2, 42-3, 42-4);
   vii.  Retailer Mission Wine and Spirits (advertising and selling product) (referenced in Plaintiff's Opposition to Motion to Dismiss - Dkt. Nos. 42, , 42-1, 42-2, 42-3, 42-4);

---

[3] Plaintiffs have a good faith basis to obtain this information from the third parties as it is relevant to whether the Court has jurisdiction over Defendants. Specifically, as to the Fusion Glass and/or Michael Ferchak, a company and individual who have account managers across the US, and providing packaging, in combination with Mr. Ferchak's experience as a distributor, is highly relevant to the jurisdictional discovery. The requested discovery is narrowed tailored to seek jurisdictional discovery only.



 viii. Retailer High Time Wine Store (referenced in Plaintiff's Opposition to Motion to Dismiss - Dkt. Nos. 42, 42-1, 42-2, 42-3, 42-4);

 ix. Retailer Davidson Liquors (advertising and selling product on internet www.davidsonliquors.com);

 x. Retailer Bayway World of Liquor (advertising and selling product on internet www.worldofliquor.com);

 xi. Retailer Linwood Wine Co. (advertising and selling product on internet www.linqoodwineco.com);

 xii. Retailer Rego Park Wines and Liquors;

 xiii. Retailer New York Liquor Gift Shop (advertising and selling product on internet www.newyorkliquorgiftshop.com);

 xiv. Twitter, Instagram or other social media subpoenas; and

 xv. Any other witnesses who may have information relevant to the jurisdictional items set forth above whose name is discovered during the course of the jurisdictional discovery.

 **B.** **Defendants' Position On Third-Party Discovery**

Defendants request to limit third party discovery to Black Sea Imports, Aral Distributions, Inc. and the New York retailer Liquor and Wine Warehouse. Aral Distributions, Inc is the wholesaler that Plaintiffs allege distributes the bottles to the California retail stores. Deposing Aral Distributions, Inc. and Black Sea Imports should therefore conclusively establish whether any product was shipped into California, including the California retail stores, prior to May 2, 2016. In addition the only retailer who Plaintiffs mention in their complaint to have advertised the bottles on their website prior to May 2, 2016 is Liquor and Wine Warehouse of New York. If there was evidence that the other retailers advertised the bottles prior to May 2, 2016 there is no reason why Plaintiffs could not or should not have found such evidence by now.

Defendants also request to deny deposition of Salbro Bottle Inc., Fusion Glass and Michael Ferchak. Deposition of these parties has no reasonable bearing on Defendants connections to California. Plaintiffs assert that deposition of Fusion Glass and/or Michael Ferchak is relevant because they have account managers across the US, and provide packaging, and Mr. Ferchak has experience as a distributor. However, the fact that these Defendants may possess these general skills is irrelevant to the jurisdictional issue before the Court.

**VI.** **TIMING OF JURISDICTIONAL DISCOVERY**

 **A.** **Plaintiffs' Position On The Timing Of Jurisdictional Discovery**

Plaintiffs request no less than seventy-five (75) days from the date the jurisdictional discovery order is entered by this Court to conduct and complete the above jurisdictional discovery. In the event that any of the Defendants or third-parties are not cooperative and require law and motion practice, Plaintiffs request that the jurisdictional discovery deadline be continued accordingly.

 **B.** **Defendants' Position On The Timing Of Jurisdictional Discovery**

Defendants request to limit jurisdictional discovery to not more than forty five (45) days from the date the jurisdictional discovery order is entered by this Court.


### VII.  FUTURE MOTION TO DISMISS

Defendants' Motion to Dismiss for lack of personal jurisdiction and improper venue [Dkt. No. 31] was denied by the Court without prejudice pursuant to the JD Order and is therefore no longer before the Court. Defendants will seek to refile their motion to dismiss on jurisdiction and venue grounds, within fifteen (15) days after the close of the jurisdictional discovery.  The briefing schedule for the parties in connection with Defendants' refiled motion to dismiss on jurisdiction and venue grounds will conform to Local Rule 7 of the Northern District of California.

Dated:  October 24, 2016

                                                          MULCAHY LLP

By:   /s/ Kevin A. Adams
       Kevin A. Adams (SBN 239171)
       kadams@mulcahyllp.com
       Four Park Plaza, Suite 1230
       Irvine, California 92614
       Telephone:  (949) 252-9377
       Facsimile:  (949) 252-0090

       *Attorneys for Plaintiffs*
       *Elliott Gillespie and Rockwood*
       *Spirits International*

Dated:  October 24, 2016                **LAW FIRM OF URSULA B. DAY**

By:   /Ursula B. Day
       Ursula B. Day
       708 Third Avenue, Suite 1501
       New York, NY, 10017
       *Attorneys for Defendants*
       *Gabriel Sezanayev and Prestige*
       *Royal Liquors*